IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JORGE MARIO JUAREZ DE LEON, FRANCISCO JAVIER BOLANOS GALINDO and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PRATT INDUSTRIES, INC., ALL INDUSTRIAL RESTORATION, LLC, AND RUSS MCCOLLAM,<br><br>Defendants. | CIVIL ACT. NO.:<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

**I. PRELIMINARY STATEMENT**

1. This suit sets off a complaint against Pratt Industries, Inc., All Industrial Restoration, LLC and Russ McCollam an engineer for Pratt Industries and the president of All Industrial for failing to Plaintiffs' overtime for their work as painters in Pratt's Conyers, Georgia facility.

2. Defendants violated the FLSA by failing to pay each Plaintiff and other similarly-situated workers 150% of their regular rate of pay for all hours worked in excess of 40 hours in a workweek. Plaintiffs allege that Defendants' underpayment of workers was done knowingly and willfully.

1

3.Plaintiffs seek their unpaid wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

## II. JURISDICTION AND VENUE

4.This Court has jurisdiction of this action pursuant to:

a.28 U.S.C. § 1331 (Federal Question);

b.29 U.S.C. § 1337 (Interstate Commerce);

c.29 U.S.C. § 216(b) (FLSA); and

e.28 U.S.C. § 1367 (Supplemental).

5.This Court has supplemental jurisdiction over the state law claims because they are so related to Plaintiffs' federal FLSA claims that they form part of the same case or controversy under Article III, Section 2 of the U.S. Constitution.

6.Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and N.D. Ga. Local Rule 3.1(B) because a substantial part of the claims arose in the Northern District of Georgia and because the Defendants reside there.

## III. PARTIES

7.Plaintiff Jorge Juarez worked for Defendants full time from April 2011 through June of 2016.

8.Plaintiff Francisco Javier Bolanos Galindo worked for Defendants from November 2014 through June of 2016.

9.Plaintiffs consistently worked at least five hours of overtime per workweek without receiving pay at 150% of their regular rate of pay for the hours in excess of 40 in a workweek.

10.Plaintiffs' FLSA consent forms are attached as Exhibit A to this complaint.

11.     At all times relevant to this action, Defendant Pratt Industries, Inc. is a Delaware corporation registered to do business in Georgia that maintains a principal place of business at Conyers, Georgia.

12.     Defendant Russ McCollam is an employee of Defendant Pratt Industries in its Conyers, Georgia facility.

13.     In 2013, Defendant McCollam incorporated Defendant All Industrial Restoration, LLC.

14.     Defendant McCollam is a member-manager of Defendant All Industrial and also serves as its registered agent.

15.     Defendant McCollam and All Industrial may be served at 3000 Clegg Farm Rd., Social Circle, GA, 30025, which is believed to be Defendant McCollam's home and is also listed as the principal place of business for Defendant All Industrial.

16.     Defendant Pratt Industries may be served with process through its registered agent Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, GA 30092.

17.     Defendant McCollam is the day-to-day manager of Defendant All Industrial and in partnership with Defendant McCollam's wife exercises management, ownership, and financial control over All Industrial.

18.     Defendant All Industrial, is, as a matter of economic reality, wholly dependent on Defendant Pratt for its continued existence.

19.     Defendant All Industrial exclusively does business with Defendant Pratt painting inside Pratt facilities in Conyers, Georgia, and previously in Pratt's facilities in Staten Island, New York and Shreveport, Louisiana.

20.     Plaintiffs worked solely at Defendant Pratt's Conyers, Georgia facility.

21.     All of Defendant All Industrial's employees work on property owned or controlled by Defendant Pratt.

22.     Defendant All Industrial's employees are trained and directed by Pratt employees and rely on Pratt tools, equipment, and chemicals to complete much of their work including Pratt compressors, Pratt forklifts and Pratt leased or owned lift-boxes.

23.     Defendant Pratt's employees also set safety standards, conduct safety trainings, and monitor Defendant All Industrial's employees.

24.     Defendant McCollam supervises Defendant All Industrial employees while working and being compensated as an employee of Defendant Pratt.

25.     Accordingly, Plaintiffs and others similarly-situated were dependent for their wages as a matter of economic reality on Defendant Pratt.

26.     Upon information and belief, the management of Defendant Pratt directed Defendant All Industrial such that Defendant All Industrial operated in synch and seamlessly with Defendant Pratt.

27.     Defendant All Industrial derives all of its income from Defendant Pratt and is dependent on Defendant Pratt for its continued existence.

28.     The painting maintenance work provided by Defendant All Industrial formed an integral part of the business of operating manufacturing facilities of Defendant Pratt.

29.     Defendant All Industrial and Defendant Pratt form part of the same enterprise for the ongoing business of corrugated paper manufacturing by Defendant Pratt.

30.     In all years relevant to this action, Defendant All Industrial and Defendant Pratt have combined annual gross sales far in excess of $500,000 per year.

31.     Defendant Pratt mostly recently reports annual sales of more than $1.3 billion for

fiscal year 2013.

32.     Upon information and belief, Defendant All Industrial has no property ownership nor any significant investment in tools or equipment.

33.     Defendants All Industrial's employees perform the rote tasks of scrapping and repainting equipment and facilities in Defendant Pratt's plants.

34.     Defendant Pratt and Defendant All Industrial were employers under the Fair Labor Standards Act because Plaintiffs and other similarly situated were dependent on Defendants as a matter of economic reality as detailed in the preceding paragraphs.

35.     Defendant McCollam is liable to Plaintiffs as a corporate officer with managerial control of a FLSA covered entity who set policies that caused the wage violations complained of.

## IV. STATEMENT OF FACTS

36.     Plaintiffs and others similarly situated worked grinding, scrapping, prepping and painting equipment at Defendant Pratt's facilities.

37.     Plaintiffs and others similarly-situated regularly worked a schedule of 7 am to 5 pm, five-days per week.

38.     Plaintiffs and others similarly-situated received hourly compensation for each hour worked but Defendants failed to provide any additional compensation for hours worked in excess of forty hours in a workweek.

39.     Plaintiff Juarez began work with an hourly rate of $11 per hour, which was raised to $15 hour and then $18 per hour in 2014, and $19 per hour in January of 2016.

40.     Plaintiff Bolanos-Galindo began work with an hourly rate of $10 per hour, which was raised in January of 2016 to $11 per hour.

41.     Defendant All Industrial designated Plaintiffs as independent contractors for tax purposes and provided Plaintiffs with IRS form 1099 rather than reporting Plaintiffs' income as wages.

42.     Upon information and belief, Defendant All Industrial designated all of its painting laborers as "independent contractors" which Plaintiffs believe was done for Defendant All Industrial to avoid paying its share of employment taxes and to avoid completing the immigration form I-9 for the painters it employed.

43.     Plaintiff Juarez was designated as supervisor but performed principally productive surface preparation and painting work.

44.     Plaintiffs consistently worked in excess of forty hours per week but received only straight-hourly compensation for their hours worked with no overtime premium.

45.     The Plaintiffs as well as others similarly situated, did not receive one and a half times their regular rate of pay for the hours above forty worked during a workweek.

## COUNT I

## FAIR LABOR STANDARDS ACT – MAXIMUM HOURS

46.     Plaintiffs incorporate each of the allegations contained in paragraphs 1 through 46 above by reference.

47.     This Count sets forth a claim by Plaintiffs and others similarly situated for declaratory relief and damages for Defendants' violations of the maximum hours provision of the FLSA, pursuant to 29 U.S.C. § 216(b).

48.     Plaintiffs Juarez asserts this claim for September 2013 through June 2016.

49.     Plaintiff Bolanos-Galindo asserts this claim for the period of his work from November 2014 through June 2016.

50.     The Plaintiffs and others similarly situated employed in prepping and painting Defendant Pratt's facilities worked long hours for Defendants without receiving the protections of the maximum hours provision of the FLSA, 29 U.S.C. § 207.

51.     Defendants employed the Plaintiffs and other similarly situated when Plaintiffs and others similarly situated were suffered or permitted to work more than 40 hours, without provision of one and a half times their regular rate of pay for those hours worked in excess of 40 in a workweek.

52.     Defendants violated Plaintiffs and others similarly situated rights by employing them for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of such hours at a rate not less than one and a half times the regular rate (150% of regular rate) at which they were employed, as required by 29 U.S.C. § 207.

53.     As a result of Defendants' violations of the FLSA, each of the Plaintiffs, and others similarly situated, are entitled to recover the amount of their unpaid overtime wages and an equal amount as liquidated damages, pursuant to 29 U.S.C. § 216(b).

54.     Defendants' violations as set forth in this Count were willful within the meaning of the FLSA.

**PRAYERS FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court grant them the following relief:

(a)  Under Count I:

   1.  Declare that Defendants have willfully violated the FLSA as specified in Count I;

   2.  Grant judgment against Defendants jointly and severally, and in favor of each Plaintiff and Opt-in Plaintiff and others similarly situated in the amount of his or

her respective unpaid wages, plus an equal amount in liquidated damages, pursuant to 29 U.S.C. § 216(b); and

   3. Award Plaintiffs their attorneys' fees pursuant to 29 U.S.C. § 216(b).

(b) Award Plaintiffs and Opt-In Plaintiffs pre and post-judgment interest as allowed by law;

(c) Cast all costs upon Defendants; and

(d) Award Plaintiffs and Opt-In Plaintiffs such further relief, at law or in equity, as this Court deems just and proper.

     Respectfully submitted this _9th__ day of September, 2016,

       _s/ Dawson Morton
       Dawson Morton
       Georgia Bar No. 525985
       Dawson Morton, LLC
       1813 Parker St
       Berkeley, CA  94703
       Phone: (404) 590-1295
       dawson@dawsonmorton.com

       *Attorneys for Plaintiffs*