## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement is made and entered into on this the 14th day of February, 2017, by and between Jorge Mario Juarez de Leon and Francisco Javier Bolanos Galindo ("Plaintiffs") on the one hand, and All Industrial Restoration, LLC and Russell McCollam ("Defendants"), on the other hand. Plaintiff and Defendants may be sometimes referred to herein as "the Parties."

### WITNESSETH

**WHEREAS**, on September 9, 2017, Plaintiffs filed suit in the United States District Court for the Northern District of Georgia, Civil Action No. 1:16-cv-03409-MHC (the "Litigation") claiming that Pratt Industries, Inc., All Industrial Restoration, LLC and Russell McCollam owed them overtime compensation under the Fair Labor Standards Act ("FLSA"); and

**WHEREAS**, the Parties have engaged in settlement negotiations and have reached the agreement set forth herein, subject to Court approval,

**NOW THEREFORE**, for and in consideration of the agreement set forth herein, and other good and valuable consideration, the receipt and sufficiency of which is acknowledged, the Parties covenant and agree as follows:

1. **Settlement.**

    (a) Following execution of this Agreement and as specified below, Defendants shall pay to or on behalf of Plaintiffs, the gross total sum of thirty-one Thousand Seventy-Five Dollars ($31,075.00) (the "Settlement Payment"), less legally required withholdings, as full and final settlement of any and all matters and disputes between Plaintiffs and Defendants, collectively and individually, up to the date of this Agreement. The Settlement Payment includes an agreed upon sum for Plaintiff's attorney's fees. The Settlement Payment shall be attributed to Plaintiff's claims as follows:

    - $25,000, paid to Plaintiffs as follows: (a) $19,248.08 paid to Plaintiff Jorge Mario Juarez de Leon as follows: $9,624.04, less applicable withholdings, representing full compensation for all alleged overtime hours worked and consideration for his release of the claims asserted in the Litigation, and $9,624.04, without any withholdings but subject to reporting on a Form 1099, paid as liquidated damages; and (b) $5,751.92 paid to Francisco Javier Bolanos Galindo as follows: $2,875.96, less applicable withholdings,

representing full compensation for all alleged overtime hours worked and consideration for his release of the claims asserted in the Litigation, and $2,875.96, without any withholdings but subject to reporting on a Form 1099, paid as liquidated damages.

- $6,075 paid to Dawson Morton, LLC as reasonable attorney's fees and costs of litigation, subject to reporting on Forms 1099 to Plaintiffs and Dawson Morton, LLC;

(b)     Defendants shall be responsible for all tax-reporting and completion of forms W-2 and 1099.

**2.     Dismissal, Release, and Waiver.**

(a)     <u>Full and Final Dismissal of Claims</u>.  Plaintiffs and Defendants understand this Agreement and expressly represent that the consideration provided in this Agreement was negotiated and is intended to satisfy all damages, costs, and fees that were claimed or could have been claimed in the Litigation.

(b)     Plaintiffs agree to voluntarily dismiss the Lawsuit in full against Pratt Industries, Inc., All Industrial Restoration, LLC and Russell McCollam, with prejudice after court approval and receipt of payment by Defendants.

**3.     General Provisions.**

(a)     The Parties agree that this Settlement Agreement may be executed in counterparts, each of which shall be deemed to constitute an executed original, even though not all signatures may appear on the same counterpart, and that counsel for the parties have express authority to enter into this agreement on behalf of their clients, pursuant to O.C.G.A. § 15-19-5.

(b)     This Settlement Agreement embodies the entire understanding of the Parties and all of the terms and conditions with respect to the matters discussed herein; it supersedes and annuls any and all other or former agreements, contracts, promises or representations, whether written or oral, expressed or implied, made by, for, or on behalf of any party with the other, and it may not be altered, superseded, or otherwise modified except in writing signed by all parties.

(c)     All executed copies of this Settlement Agreement are duplicate originals, equally admissible as evidence.

(d)     This Settlement Agreement shall be construed in accordance with the

laws of the State of Georgia. If any provision of this Agreement is for any reason held to be invalid or unenforceable, such provision shall not affect any other provision hereof, but this Agreement shall be construed as if such invalid and/or unenforceable provision had never been contained herein.


DAWSON MORTON, for and with express permission of Plaintiffs
JORGE MARIO JUAREZ DE LEON and FRANCISCO JAVIER BOLANOS GALINDO

Date: February 14, 2017

Signature: _____

RUSSELL MCCOLLAM, for and on behalf himself and Defendant
ALL INDUSTRIAL RESTORATION, LLC

Date: February 14, 2017

Signature: _____